*958 OPINION.
xvíoRRis:
The sole question involved in this proceeding is whether, considering all the facts, salaries of $120,000 paid in equal amounts to each of three officers, constituted reasonable allowances for personal services actually rendered. The petitioner asserts that such salaries were reasonable, while respondent not only denies their reasonableness but asserts that the salaries represented a distribution of profits to the extent of $60,000.
Considering first the question of reasonableness, it appears that in addition to the duties ordinarily rendered by the three officers, in prior and subsequent years, certain unusual services were performed during the fiscal year 1920. A new issue of capital stock of $500,000 was underwritten and sold by them at a minimum expense, plans were prepared and the construction supervised of large and substantial additions to the factory, sales were increased through their personal efforts, and they increased the actual number of units produced notwithstanding the adverse labor conditions which affected them during the year. The facts further show that the three warehouse managers received compensation in excess of the amount allowed by the respondent to the officers.
The respondent seems to rely in his disallowance of the salary deduction, upon the vote of the board of directors shortly after the beginning of the fiscal year setting the salaries of the officers at $20,000 each. The record shows, however, that the directors frequently had informal meetings at which times the salaries as originally voted, were varied. In six of the seven years preceding the taxable year in question the salaries paid were different from those voted as shown in the record book, the variation being in amounts both greater and less.
Although the additional salaries were paid to the three officers in equal amounts, their stockholdings were not the same in the petitioner, nor did the three of them own all the voting capital stock, there being an outside ownership of almost 30 per cent. A dividend *959 of 20 per cent was paid on the common stock during the taxable year, which exceeded that of the two previous years, and a much larger surplus was also carried over.
Considering all the evidence we are of the opinion that the salaries of $60,000 to the three officers, the deduction of which was disallowed by the respondent, in addition to the amount already allowed, were reasonable for the services rendered, and an allowable deduction in computing net income.
Judgment will be entered on 10 days’ notice, under Rule 50.
Considered by Teammell, Murdock, and Sieekin.